IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS JOSE ESCOBAR, ID # 68900-079, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:04-CV-1227-M |
| | ) | |
| K.W. WENDT, | ) | |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

Petitioner is a federal prisoner incarcerated in FCI-Seagoville who challenges his federal conviction in *United States v. Escobar*, No. 96-CR-0084 (S.D. Tex.) pursuant to 28 U.S.C. § 2241. (Am. Pet. at 1, 3.) K.W. Wendt is the named respondent.[1]

According to the petition, a jury found petitioner guilty of conspiracy to possess with intent to distribute a controlled substance and aiding and abetting such possession on October 4, 1996. On December 20, 1996, the United States District Court for the Southern District of Texas entered judgment against petitioner and sentenced him to imprisonment for a term of 292 months. Petitioner unsuccessfully appealed his conviction and sentence. He also challenged his conviction and sentence through a motion to vacate pursuant to a 28 U.S.C. § 2255, which the Southern

---

[1] The Court assumes for purposes of this motion that respondent intended to sue K. J. Wendt, who is the former Warden of FCI-Seagoville.

District denied on April 26, 2000.  Petitioner unsuccessfully appealed the denial of his motion to vacate.

On June 23, 2004, this Court received the instant amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[2] wherein petitioner claims that he was unfairly tried and convicted. He asserts that he may pursue his claims under § 2241 through the "savings clause" of 28 U.S.C. § 2255 because "he cannot meet the requirements of a 'Second or Subsequent' § 2255." He contends that he has no current avenue to present "his claim of actual presumed innocence." The Court has not yet ordered an answer to the § 2241 petition.

## II.  JURISDICTION UNDER § 2241

Section 2241(a) provides district courts the power to grant a writ of habeas corpus. A petitioner is entitled to a writ of habeas corpus under § 2241 only to remedy his or her restraint of liberty in violation of the constitution, treaties, or laws of the United States, however. *United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952). "Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). The remedy afforded under § 2241 is "no different" from the scope of remedy afforded under § 2255. *Id.* at 214.

A petition filed under § 2241 "is not . . . a substitute for a motion under § 2255." *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A motion under § 2255 "provides the primary means

---

[2]  The Court received the original petition on June 7, 2004.  It appears identical to the amended petition, except that the amended petition includes a page twenty-five that is missing from the original.

2

of collaterally attacking a federal conviction and sentence.  Relief under this section is warranted for errors that occurred at trial or sentencing."  *Id.*  "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."  *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).  Nevertheless, § 2255 "contains a 'savings clause,' which acts as a limited exception to this general rule."  *Id.*  That clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.  Because of this clause, "a section 2241 petition that seeks to challenge a federal sentence or conviction-thereby effectively acting as a section 2255 motion-may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective."  *Pack*, 218 F.3d at 452.  If an individual who has filed a § 2241 petition fails to show § 2255 to be inadequate or ineffective, then the Court lacks jurisdiction to consider the § 2241 petition.  *See Christopher v. Miles*, 342 F.3d 378, 379 (5th Cir.) (remanding a case for dismissal for lack of jurisdiction when the petitioner failed to show § 2255 inadequate or ineffective), *cert. denied*, 540 U.S. 1085 (2003).

"[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner."  *Jeffers*, 253 F.3d at 830.  Precedent "regarding § 2255's savings clause makes clear that § 2241 is not a mere substitute for § 2255 and that the inadequacy or inefficacy requirement is stringent."  *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  Utilization of § 2241 instead of § 2255 is limited to very specific situations.

3

> A petitioner seeking relief under the § 2255 savings clause must demonstrate three things:  (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was 'actually innocent' of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382; *accord Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).  One may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or restriction on filing second or successive motions to vacate.  *See Pack*, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that successiveness does not make § 2255 ineffective or inadequate).

> To hold otherwise would flout Congress's obvious intent to give meaning to these procedural requirements.  A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.

*Pack*, 218 F.3d at 453.

In this case, petitioner merely contends that § 2255 is ineffective or inadequate because he cannot overcome the procedural requirements of that statute.  He invokes no new Supreme Court decision that has been made retroactively applicable.  He does not base his claim of innocence on any such Supreme Court decision.  Consequently, petitioner has failed to carry his burden to show § 2255 is ineffective or inadequate so that he can pursue his claims under § 2241.

In light of such failure, the Court must either construe the action as arising under § 2255 or dismiss it.  *See Pack*, 218 F.3d at 452.  Because petitioner was convicted in the Southern District of Texas, this Court has no jurisdiction over a § 2255 motion filed by him.  *See Ojo v. INS*, 106 F.3d

680, 683 (5th Cir. 1997) (holding that "the only court with jurisdiction to hear [a motion to vacate] is the court that sentenced [petitioner]").  Therefore, the Court has no recourse to construe and consider the action as one under § 2255.  Accordingly, this action should be dismissed for lack of jurisdiction.  *See Christopher*, 342 F.3d at 379 (remanding a case for dismissal for lack of jurisdiction when the petitioner failed to show § 2255 inadequate or ineffective).

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** petitioner's application for habeas corpus relief brought pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

**SIGNED this 8th day of September, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE